ALB:BTR
F. #2014R01662

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

FRANK LIZZA and
RAMON DE LOS SANTOS,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 20 2019 ★
LONG ISLAND OFFICE

INDICTMENT

Cr. No. CR 19 548
(T. 18, U.S.C., §§ 664, 981(a)(1)(C),
982(a)(7), 982(b)(1), 1001(a)(3), 1027,
2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

SEYBERT, J.

BROWN, M. J.

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

The Defendants and Relevant Companies

  1. The defendant FRANK LIZZA was an officer of Intercounty Paving Associates LLC ("Intercounty"), a Lizza family owned company. Intercounty is a full service non-union construction company founded in 1997. Intercounty was operated from offices located in Westbury, New York. Intercounty maintained additional vehicle yards and offices in Hicksville, New York, and in New Jersey. Intercounty, among other types of construction, provided road construction and paving services to commercial and public customers throughout New York and New Jersey.

  2. In and about and between 2006 and the date of this indictment, the defendant RAMON DE LOS SANTOS was an employee of Intercounty.

3.      4L Equipment Leasing ("4L") was a New York corporation in the business of trucking construction materials and demolition debris to and from construction sites and landfills on Long Island, in New York City and New Jersey, and elsewhere. 4L owned multiple heavy-duty trucks designed to haul materials used in road construction. 4L was owned and operated by the defendant FRANK LIZZA and the other owners of Intercounty. Intercounty and 4L shared a vehicle yard in Westbury, New York. 4L supplied trucks and drivers for Intercounty's contracts.

4.      In or about 2014, the defendant FRANK LIZZA and the other principals of 4L and Intercounty funded and assisted the defendant RAMON DE LOS SANTOS to establish LR Safety Consultants and Construction Services, LLC ("LR"). LR was a New York corporation purportedly established to truck road construction materials and demolition debris to and from construction sites and landfills on Long Island, in New York City and New Jersey, and elsewhere. LR owned no trucks or equipment, but rather used 4L trucks and employees to perform work. Intercounty, 4L and LR shared office space in Westbury, New York. LR's address of record on New York State incorporation records was DE LOS SANTOS' residence address.

The Collective Bargaining Agreement

5.      In or about 2014, the defendant RAMON DE LOS SANTOS entered LR into a standard form Collective Bargaining Agreement (the "CBA") with the International Brotherhood of Teamsters, Local 282 ("Local 282"), located in Lake Success, New York. By doing so, DE LOS SANTOS' company LR became eligible to obtain contracts for New York City-area airports and federally funded road construction sites,

whereby trucking company subcontractors were required to pay salaries and benefits in accordance with the prevailing wages required by the CBA.

   6. The CBA required that any trucking work contracted by the owners of LR be performed by Local 282 union members. This required the owners to pay a specified hourly salary and to remit payments for each LR employee to Local 282's welfare, pension, annuity, job training, vacation and sick leave trust funds (the "Union Benefit Funds") for every hour of work performed by workers on any LR contract. The Union Benefit Funds were governed by Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"). The CBA prohibited the owners of LR from diverting any work to a non-union trucking company without reporting the hours worked and making payment to the workers and the Union Benefit Funds as required by the CBA for any work performed.

The Union Benefit Funds Embezzlement Scheme

   7. Beginning in approximately 2014, the defendants FRANK LIZZA and RAMON DE LOS SANTOS, together with others, schemed to defraud the Union Benefit Funds by arranging to split truck drivers' daily driving hours between LR's union payroll and 4L's non-union payroll, in violation of the CBA. LIZZA and DE LOS SANTOS, together with others, arranged to have drivers paid non-union wages for the time spent driving to and from LR's Westbury vehicle yard to construction sites. Once at the construction sites, the drivers were then switched to the LR union payroll and paid union wages, including payments to the Union Benefit Funds. DE LOS SANTOS and LR reported to Local 282 and the Union Benefit Funds only the drivers' hours at the work site. By knowingly underreporting the drivers' total hours worked by transferring drivers to a non-

union payroll for a portion of their work day, the drivers were denied union wages and the Union Benefit Funds were denied contributions for the hours that had been transferred to the non-union payroll.

8. As required by the CBA, LR submitted remittance reports to the Union Benefit Funds. These remittance reports falsely reported only the hours that the drivers worked at construction sites and omitted the hours for the drivers traveling to and from the sites. By knowingly and falsely underreporting the drivers' hours, the Union Benefit Funds were defrauded of the contributions to which each were entitled under the CBA.

9. In furtherance of the scheme, in and about and between June 2014 and September 2018, both dates being approximate and inclusive, the defendant RAMON DE LOS SANTOS directed the submission of certified payrolls on behalf of LR to the Port Authority of New York and New Jersey (the "Port Authority") for review by the Port Authority and the United States Department of Transportation, Federal Aviation Administration. The certifications specified that "payments of fringe benefits . . . have been or will be made to appropriate programs for the benefit of such employees." The certifications also contained a warning, printed in capital letters immediately below the signature line, that a false statement in the certification may subject a contractor to criminal prosecution under Title 18, United States Code, Section 1001. In truth and in fact, as DE LOS SANTOS then and there well knew and believed, LR had not made, and did not intend to make, all the required fringe benefit payments to the Union Benefit Funds.

## COUNT ONE
(Embezzlement from Employee Benefit Plans)

10. The allegations in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

11. In or about and between June 2014 and September 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANK LIZZA and RAMON DE LOS SANTOS, together with others, did knowingly and willfully embezzle, steal and unlawfully abstract and convert to their own use and the use of one or more others monies, funds, credits, property and other assets of one or more employee pension and welfare benefit plans subject to Title I of ERISA, to wit: monies and funds owed to the Union Benefit Funds.

(Title 18, United States Code, Sections 664, 2 and 3551 et seq.)

## COUNT TWO
(False ERISA Statements)

12. The allegations in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

13. In or about and between June 2014 and September 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANK LIZZA and RAMON DE LOS SANTOS, together with others, did knowingly and intentionally make and cause to be made false statements and representations of fact, and conceal, cover up and fail to disclose facts, the disclosure of which was required by Title I of ERISA, and which facts were necessary to verify, explain, clarify and check for accuracy and completeness one or more reports in documents required by Title I of ERISA to

be published and kept as part of the records of employee welfare benefit plans and employee pension benefit plans, to wit: one or more remittance reports made to the Union Benefit Funds.

(Title 18, United States Code, Sections 1027, 2 and 3551 et seq.)

## COUNT THREE
(False Written Statements)

14. The allegations in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

15. In or about and between June 2014 and September 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANK LIZZA and RAMON DE LOS SANTOS, together with others, did knowingly and willfully make and use one or more false writings and documents knowing the same to contain materially false, fictitious and fraudulent statements and entries in one or more matters within the jurisdiction of the executive branch of the Government of the United States, to wit: one or more certified payrolls submitted and caused to be submitted to the Port Authority and the United States Department of Transportation, Federal Aviation Administration, in which the defendants and others intentionally omitted hours worked by drivers for LR, a union company, by transferring a portion of the hours worked to 4L, a non-union company.

(Title 18, United States Code, Sections 1001(a)(3), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

16. The United States hereby gives notice to the defendants that upon their conviction of the offense charged in Count One, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offense.

    17. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT TWO

    18. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person

convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offense.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p)

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F.#: 2014R01662

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

FRANK LIZZA AND RAMON DE LOS SANTOS,

Defendants.

# INDICTMENT

((T. 18, U.S.C., §§ 664, 981(a)(1)(C), 982(a)(7), 982(b)(1), 1001(a)(3),1027, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., §2461(c)))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D.* 20 _____

_____
*Clerk*

*Bail, $* _____

_____

*Burton Ryan, Assistant U.S. Attorney (631) 715-7853*